```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

        -against-                              MEMORANDUM & ORDER
                                               06-CR-0550(JS)(AKT)
DAVID H. BROOKS,

                    Defendant.
----------------------------------------X
APPEARANCES
For the Government: James Halleron Knapp, Esq.
                    Mary M. Dickman, Esq.
                    Richard Thomas Lunger, Jr., Esq.
                    Christopher Charles Caffarone, Esq.
                    Christopher Allen Ott, Esq.
                    James M. Miskiewicz, Esq.
                    Kathleen Anne Nandan, Esq.
                    Marshall L. Miller, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722

For Mr. Brooks:     Kenneth Ravenell, Esq.
                    The Murphy Firm
                    One South Street, 23rd Floor
                    Baltimore, MD 21202

                    Roger V. Archibald, Esq.
                    16 Court Street, Suite 2400
                    Brooklyn, NY 11241

                    Alan M. Dershowitz, Esq.
                    Harvard Law School
                    1575 Massachusetts Avenue
                    Cambridge, MA 02138

                    David M. Goldstein, Esq.
                    David M. Goldstein, P.A.
                    286 NE 39th Street
                    Miami, FL 33137

                    David B. Smith, Esq.
                    Smith & Zimmerman PLLC
                    108 North Alfred Street
                    Alexandria, VA 22314
```

George Stavropoulos, Esq.
The Law Office of George Stavropoulos, PLLC
120 Bay Ridge Avenue, Suite 210
Brooklyn, NY 11220

Gerald L. Shargel, Esq.
Law Office of Gerald Shargel
570 Lexington Avenue
New York, NY 10022

Gustave H. Newman, Esq.
Richard A. Greenberg, Esq.
Steven Y. Yurowitz, Esq.
Newman & Greenberg
950 Third Avenue, 32nd Floor
New York, NY 10022

Ira Lee Sorkin, Esq.
Lowenstein Sandler PC
1251 Avenue of the Americas
New York, NY 10020

James M. LaRossa, Esq.
200 East 64th Street, Apt 14D
New York, NY 10065

Jeffrey H. Lichtman, Esq.
Law Offices of Jeffrey Lichtman
750 Lexington Ave, 15th Floor
New York, NY 10022

John C. Meringolo, Esq.
Meringolo and Associates, P.C.
375 Greenwich Street, 7th Floor
New York, NY 10013

Laurence S. Shtasel, Esq.
Blank Rome LLP
The Chrysler Building, One Logan Square
Philadelphia, PA 19103

Mauro Michael Wolfe, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036

                    Nathan Z. Dershowitz, Esq.
                    Victoria B. Eiger, Esq.
                    Dershowitz, Eiger & Adelson, P.C.
                    220 Fifth Avenue, Suite 300
                    New York, NY 10001

                    Zaki I. Tamir, Esq.
                    Gofer Tamir and Associates
                    55 Broad Street, 26th Floor
                    New York, NY 10004

SEYBERT, District Judge:

This Memorandum and Order addresses Defendant David H. Brooks' motion for dismissal of the Second Superseding Indictment in light of the Supreme Court's decisions in <u>Skilling v. United States</u>, --- U.S. ----, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010), and <u>Black v. United States</u>, --- U.S. ----, 130 S. Ct. 2963, 177 L. Ed. 2d 695 (2010), or in the alternative for reconsideration of Brooks' prior motions to dismiss, for a mistrial, and for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. (Docket Entry 1629.)[1] For the following reasons, Brooks' motion is DENIED.

<u>BACKGROUND</u>

The Court assumes familiarity with the facts and procedural history of this case and will only discuss those relevant to the pending motion. In brief, the Second Superseding Indictment was returned on July 9, 2009. Trial on the securities fraud, mail fraud, wire fraud, insider trading,

---

[1] Brooks simultaneously filed a request to extend the page limit on his moving brief. On consent, that request is GRANTED.

obstruction-of-justice, and related conspiracy counts of the Second Superseding Indictment commenced on January 19, 2010. On June 24, 2010, the Supreme Court decided both <u>Skilling</u> and <u>Black</u>, finding that 18 U.S.C. § 1346's prohibition on "depriv[ing] another of the intangible right of honest services" "criminalizes only . . . bribe-and-kickback" schemes. On July 7, 2010, Brooks filed two letters: (1) seeking a judgment of acquittal pursuant to Rule 29(a) on the portions of the mail and wire fraud and conspiracy to commit mail and wire fraud counts charging him with honest services fraud[2] (Brooks Ltr. Mot., Docket Entry 1157) and (2) seeking a mistrial on the grounds that the Government's evidence in support of the honest services fraud claims "infected the entire trial" (Brooks Ltr. Mot., Docket Entry 1158, at 1).

On July 8, 2010, the Court granted Brooks' motions in part. The Court acquitted Brooks of the mail and wire fraud and related conspiracy counts "to the extent that those counts allege violations of 18 U.S.C. § 1346." (Mem. & Order, Docket Entry 1162, at 16). The Court did not, however, acquit Brooks of the mail and wire fraud counts in their entirety because "the mail and wire fraud counts plead an alternate, legitimate theory: that Mr. Brooks sought to 'obtain money and property

---

[2] This letter actually supplemented a previously-filed, and then-undecided, Rule 29(a) motion. (<u>See</u> Docket Entry 1033.)

4

from DHB, by means of materially false and fraudulent pretenses' and executed this scheme through the wires and mails." (Id. (citing Second Superseding Indictment ¶¶ 92, 94, 96).) The Court also denied Brooks' motion for a mistrial but nonetheless "as an extra caution" "instruct[ed] the Government to not argue, in summation, that Mr. Brooks breached his fiduciary duties to DHB or its shareholders." (Id. at 17.)

The jury began its deliberations on August 2, 2010 and returned a verdict on September 14, 2010, finding Brooks guilty of the mail and wire fraud counts, as well as the securities fraud, insider trading, obstruction of justice, and related conspiracy counts. After the jury delivered its verdict, Brooks' counsel asked the Court to deem all post-trial motions to have been made, in contemplation of the Court establishing a briefing schedule after the forfeiture phase of the trial. At a conference on October 22, 2010, however, Brooks' counsel stated as follows:

> Your Honor, as I understand it . . . , the Rule 29 motions on the day that the verdict was returned were deemed submitted for jurisdictional purposes. I now report to your Honor that we have no further submissions to make, and Mr. Brooks ratifies that decision. And, for the record, I will.

(Tr., Oct. 22, 2010, at 28-29.) Thus, Brooks did not renew his Rule 29 motion post-verdict.

Brooks filed the pending motion seeking dismissal

5

pursuant to Rule 12(b)(3)(B) of the securities fraud, mail and wire fraud, insider trading, and related conspiracy counts in light of Skilling and Black or, in the alternative, seeking reconsideration of the Court's July 8, 2010 Memorandum and Order.

DISCUSSION

The Court will address each request separately.

I. Motion to Dismiss

Brooks moves to dismiss pursuant to Rule 12(b)(3)(B) for failure to charge an offense--specifically, Brooks argues that all of the securities, mail, and wire fraud, insider trading, and related conspiracy counts are "honest services frauds in their essence." (Brooks Mot. 2; see also id. at 3 ("The jury charge on the insider trading counts was premised wholly on the violation of fiduciary duties, and rested on failure to provide honest services, whether those words were spoken or not."); id. at 9 (describing these counts as "merely honest services frauds dressed up or passed off as something else").) Although a court may hear a claim that the indictment fails to state a claim "at any time while the case is pending," FED. R. CRIM. P. 12(b)(3)(B), "when a court has ruled on an issue, that decision should generally be adhered to by the court in subsequent stages in that same case," United States v. Uccio, 940 F.2d 753, 758 (2d Cir. 1991); accord United States v. Crowley, 318 F.3d 401, 420 (2d Cir. 2003). Here, the validity

6

of the Second Superseding Indictment post-Skilling and Black was previously raised, litigated, and decided by the undersigned. (See Mem. & Order, Docket Entry 1162, at 16 (finding that the Second Superseding Indictment pled an alternate, legitimate theory--money and property fraud--which survives both Skilling and Black).) Accordingly, to the extent that Brooks is seeking relief pursuant to Rule 12, his motion is DENIED.

II. Motion for Reconsideration

To the extent that Brooks is moving for reconsideration of the Court's July 8, 2010 Memorandum and Order, his motion is also DENIED. First, under Local Civil Rule 6.3,[3] a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Here, Brooks seeks reconsideration based on the Second Circuit's grant of a certificate of appealability in United States v. Stinn, No. 12-PR-1930. (Brooks Mot. 5-6). However, a certificate of appealability is not controlling.

---

[3] Although the federal and local rules of criminal procedure do not specifically provide for motions for reconsideration, courts in this Circuit, including the undersigned, have applied Local Civil Rule 6.3 in criminal cases. See, e.g., United States v. Hatfield, No. 06-CR-0550, 2011 WL 5866238, at *2 (E.D.N.Y. Nov. 22, 2011).

7

Further, the Circuit has since issued a decision in Stinn, affirming the defendant's conviction on the grounds that there was "no reasonable possibility that Stinn was convicted under a theory of depriving his company of honest services." 2013 WL 1136580, at *1 (2d Cir. Mar. 20, 2013). Finally, Brooks concedes in his reply brief that "Stinn could not possibly answer Brooks' contention that his convictions for insider trading are infirm" because "Stinn was not charged with insider trading at all." (Brooks Reply, Docket Entry 1642, at 2.) Accordingly, Brooks has failed to raise any controlling authority that the Court overlooked and, thus, reconsideration is not warranted. Second, under Local Rule 6.3, motions for reconsideration must be made within fourteen days of the Court's determination of the original motion. The Court decided Brooks' Rule 29(a) motion on July 8, 2010, yet the pending motion was not filed until March 7, 2013--more than two-and-a-half years later. Thus, Brooks' motion for reconsideration is time-barred.

## CONCLUSION

For the foregoing reasons, Brooks' motion for an extension of the page limit is GRANTED, and his motion to dismiss and/or for reconsideration (Docket Entry 1629) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: June 12, 2013
       Central Islip, NY