```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

         -against-                              MEMORANDUM & ORDER
                                                06-CR-0550(JS)(AKT)
DAVID H. BROOKS,

                    Defendant.
----------------------------------------X
APPEARANCES
For the Government:        James Halleron Knapp, Esq.
                           Mary M. Dickman, Esq.
                           Richard Thomas Lunger, Jr., Esq.
                           Christopher Charles Caffarone, Esq.
                           Christopher Allen Ott, Esq.
                           James M. Miskiewicz, Esq.
                           Kathleen Anne Nandan, Esq.
                           Marshall L. Miller, Esq.
                           United States Attorney's Office
                           Eastern District of New York
                           610 Federal Plaza
                           Central Islip, NY 11722

For Mr. Brooks:            Gerald L. Shargel, Esq.[1]
                           Winston & Strawn LLP
                           200 Park Avenue
                           New York, NY 10166

                           Gustave H. Newman, Esq.
                           Richard A. Greenberg, Esq.
                           Steven Y. Yurowitz, Esq.
                           Newman & Greenberg
                           950 Third Avenue, 32nd Floor
                           New York, NY 10022

                           Alan M. Dershowitz, Esq.
                           Harvard Law School
                           1575 Massachusetts Avenue
                           Cambridge, MA 02138
```

---

[1] The Clerk of the Court is directed to update the docket to reflect Mr. Shargel's new law firm and address.

1

|                                                  |                                                                                                                      |
| ------------------------------------------------ | -------------------------------------------------------------------------------------------------------------------- |
|                                                  | Nathan Z. Dershowitz, Esq.<br>Victoria B. Eiger, Esq.<br>Dershowitz, Eiger & Adelson, P.C.<br>220 Fifth Avenue, Suite 300<br>New York, NY 10001 |
| For David B. Smith                               | David B. Smith, Esq.<br>Smith & Zimmerman PLLC<br>108 North Alfred Street<br>Alexandria, VA 22314                    |
| For George Stavropoulos                          | George Stavropoulos, Esq.<br>The Law Office of George Stavropoulos, PLLC<br>120 Bay Ridge Avenue, Suite 210<br>Brooklyn, NY 11220 |
| For Richard Ware Levitt                          | Dean Solomon, Esq.<br>Levitt & Kaiser<br>40 Fulton Street, 23rd Floor<br>New York, NY 10038                          |
| For BDO USA, LLP                                 | Edwin Cortes, Esq.<br>DLA Piper LLP<br>1251 Avenue of the Americas<br>New York, NY 10020                             |
| For Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. | Jerone Gotkin, Esq.<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>666 Third Avenue<br>New York, NY 10017 |

SEYBERT, District Judge:

Pending before the Court are unopposed motions for reconsideration of the Court's Amended Preliminary Order of Forfeiture filed by Defendant David H. Brooks' counsel David B. Smith, Esq. (Docket Entry 1713), George Stavropoulos, Esq. (Docket

Entry 1714),[2] Richard Ware Levitt, Esq. (Docket Entry 1715), and the law firm Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Levin") (Docket Entry 1719), and forensic accounting firm, BDO USA, LLP (Docket Entry 1717). For the following reasons, these motions are DENIED.

DISCUSSION[3]

I. Smith, Stavropoulos, and Mintz Levin's Motions

Mr. Smith, Mr. Stavropoulos, and Mintz Levin have all filed attorney charging liens in this action pursuant to Section 475 of the New York State Judiciary Law. All three argue that the Court's Amended Preliminary Order of Forfeiture, which provides in relevant part that any funds remaining after Brooks satisfies the Forfeiture Money Judgment be paid first to non-federal victims owed restitution, second to the Internal Revenue Service, and finally back to Brooks, must be amended. Mr. Stavropoulos and Mintz Levin argue that the Amended Preliminary Order of Forfeiture should be amended to allow satisfaction of their liens before any funds are returned to Brooks. Mr. Smith argues that his lien

---

[2] Although Mr. Smith and Mr. Stavropoulos purport to be Mr. Brooks' former counsel, they have not sought leave to withdraw and are, in fact, still attorneys of record in this action.

[3] The Court presumes familiarity with the extensive factual and procedural background of this action and will not reiterate it in the present Memorandum and Order.

3

should receive priority over restitution to the non-federal victims and the IRS as well. The Court disagrees.

Section 475 of the New York State Judiciary Law provides in relevant part as follows:

> From the commencement of an action, . . . or the service of an answer containing a counterclaim, . . . the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come.

N.Y. JUD. LAW § 475 (emphasis added). Here, however, Brooks has no cause of action, claim, or counterclaim to which such a lien could attach. Thus, Mr. Smith, Mr. Stavropoulos, and Mintz's Levin are not entitled to charging liens, see United States v. Clinton, 260 F. Supp. 84, 90 (S.D.N.Y. 1966) (finding that an attorney who represented a criminal defendant was not entitled to a lien under Section 475 of the Judiciary Law over funds seized by the government because "[a]n attorney who represents a defendant cannot have a charging lien in the absence of a counterclaim"), and their motions to amend the Amended Preliminary Order of Forfeiture are DENIED.

II. Levitt and BDO's Motions

Mr. Levitt and BDO's motions seek similar relief on different grounds. Mr. Levitt has a civil judgment against Brooks

4

in the amount of $224,956.16, which was entered by the Court on March 15, 2011, and BDO has an arbitration award in the amount of $323,976.00, which was confirmed by judgment on March 1, 2011. Both argue that, given that their judgments pre-date the Court's restitution order, their judgments should be satisfied with the restrained funds before restitution or obligations to the IRS are paid. The Court disagrees. Neither party has come forward with any legal authority to support the assertion that they--as persons hired by Brooks to assist in his criminal defense--should be given priority over the victims of his crimes. Neither party has sought a writ of attachment or execution or otherwise attempted to obtain a lien over the restrained funds. Accordingly, Mr. Levitt and BDO's requests to amend the Amended Preliminary Order of Forfeiture are DENIED.

## CONCLUSION

For the foregoing reasons, the pending motions to amend the Amended Preliminary Order of Forfeiture are DENIED.

The Clerk of the Court is directed to amend Mr. Shargel's address on the docket to: Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  3 , 2013
       Central Islip, NY

5